THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY DEVOE, APPELLANT, v. JOHN KELLY, SHERIFF OF OTSEGO COUNTY, RESPONDENT.

*Habeas corpus — what errors in the sentence of a prisoner may be reviewed under it — when the application for it should be denied although the sentence is illegal — punishment for an assault in the third degree.*

The relator having been convicted by the Court of Sessions of Otsego county, of the offense of assault in the third degree, was sentenced to be imprisoned in a State prison for the term of one year. Upon an appeal from an order made by a county judge denying an application for a discharge of the relator upon the

return to a writ of *habeas corpus*, addressed to the sheriff of the county, in whose custody the relator was :

*Held,* that although under the provisions of the Penal Code the court had no power to sentence the relator to an imprisonment in a State prison, upon a conviction of an assault in the third degree, but could only sentence him to be imprisoned in a penitentiary or county jail, yet the order denying the application should be affirmed, for the reason that the error of the court was not one which could be reviewed upon a *habeas corpus.* (Per LEARNED, P. J.)

For the further reason that although the sentence was absolutely void, yet the relator was properly in the custody of the sheriff as a convicted but unsentenced prisoner. (Per BOCKES, J.)

APPEAL from an order made by the county judge of Otsego county, dismissing an application made by the relator for a discharge by a writ of *habeas corpus,* and remanding him to the custody of the sheriff.

*James A. Lynes,* for the appellant.

*Clarence L. Barber,* district attorney, for the respondent.

LEARNED, P. J. :

The relator was indicted for assault in the second degree. He was convicted of assault in the third degree and sentenced to the State prison for one year. He obtained a writ of *habeas corpus* and urged his discharge on the ground that the sentence should have been to a penitentiary or county jail. His discharge was refused and he appeals.

Two questions arise: 1st. If the sentence should have been as he claims, is he entitled to his discharge on *habeas corpus.* 2d. Was the sentence incorrect.

There is no doubt that the decision in *People ex rel. Tweed* v. *Liscomb* (60 N. Y., 570), and still more the language of one of the opinions, gave what seemed to be a new construction to the provisions of the Revised Statutes touching *habeas corpus.* Those provisions required the relator to be remanded when " detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction," and forbade the court or judge " to inquire into the legality or justice of any mandate, judgment, decree or final order." (Code of Civil Pro., §§ 2016, 2034.) These

sections of the Code are substantially like the corresponding provisions of the Revised Statutes and we therefore cite them.

Under this language it was thought that an error in the judgment must be remedied by appeal or writ of error, as the case might be, unless the judgment were such as the court pronouncing it could *under no state of facts whatever* have power to pronounce. But the Court of Oyer and Terminer in the Tweed case might, under some state of facts, have sentenced the prisoner to a term as long as that which was imposed. Whether they could do so upon the state of facts before them was a point — a mistake on which had been supposed to be error — to be corrected as other errors are.

That case, however, has been explained in *People ex. rel. Woolf* v. *Jacobs* (66 N. Y., 10), as holding only that where a court has imposed a sentence to the full limit allowed it has exhausted its authority; and that after the prisoner has served the term authorized by statute, he is entitled to discharge on *habeas corpus*. Under that construction the decision does not control this present case. For this prisoner has served no term at all.

The case of *Ex parte Lange* (18 Wall., 163) is not important here, because there is generally no review of a criminal conviction by writ of error, or otherwise, in the United States Courts. No remedy exists, therefore, except by *habeas corpus*. And furthermore, that writ is not restricted in the Supreme Court of the United States by any provisions such as those above cited from our Code and Revised Statutes.

The Code of Criminal Procedure, by section 515, provides that the only mode of review is by appeal, and by section 543, that where an erroneous judgment has been entered the appellate court may correct the judgment. To this may be added the authority to remit the record to the court below, to pass such sentence as the appellate court may direct. (Chap. 226, Laws 1863, if that chapter is still in force, as to which it is not necessary to inquire.)

The prisoner, therefore, in this case, has abundant remedy. He may appeal and may have his sentence corrected, if it be erroneous.

Now, under this liberal provision, by which the prisoner is amply protected against an unjust sentence, we do not think that it was intended by the legislature that, when such an error as is here alleged has been committed, the prisoner should be set free on

*habeas corpus.* Even in the Tweed case it was not pretended that Tweed could have been released until the lapse of the term to which he was properly sentenced.

It may be said, by way of argument, suppose the Court of Sessions had sentenced the prisoner to be confined on a ship, or in some other place, to which no prisoner can be sentenced, would not that sentence be absolutely void? The answer is that that would be a sentence which *upon no facts whatever* could the court impose. The present is a sentence which, *upon proper facts,* might be imposed by the court. We are of opinion, therefore, that the county judge was right in not treating the judgment as absolutely void, and in following the provisions of the Code of Civil Procedure, above cited, and remanding the prisoner.

In this view we have no power upon this proceeding to consider whether there was error in the judgment, because this proceeding is not an appeal therefrom.

But the question of error in the sentence has been argued at length. And as we have formed an opinion thereon, we think it best to state it in order to save the trouble of further argument in some other proceeding.

The provisions of the Penal Code are somewhat conflicting. We do not think it necessary to go over them in this opinion and to explain at length how we reconcile them.

It is enough to say that, considering all the sections and the general subject of misdemeanors and felonies and the respective punishments, we are of opinion that imprisonment for assault in the third degree must be in a penitentiary or county jail, and cannot be in State prison.

The order should be affirmed.


Bockes, J.:

The return of the sheriff to the writ of *habeas corpus* shows that the relator was held by that officer under a conviction, on due trial, in the Court of Sessions of Otsego county, of the crime of assault in the third degree, for which offense he had been sentenced by that court to imprisonment in the State prison for the term of one year. The claim made by the relator's counsel, for his discharge from imprisonment, is put upon the ground that the crime of assault in

the third degree is punishable as a misdemeanor by imprisonment in a penitentiary or county jail, or by fine or both, under section 15 of the Penal Code, not by imprisonment in a State prison; hence, that the sentence in this case to imprisonment in a State prison was, and is, without authority of law and void. I am entirely of the opinion that the offense of assault in the third degree is but a misdemeanor and punishable only as such.

Whether a crime is a misdemeanor or a felony is determinable by the grade of punishment authorized by law to be inflicted. Now a misdemeanor is declared to be punishable by imprisonment in a penitentiary or county jail "for not more than one year, or by a fine of not more than $500, or both" (Penal Code, § 15), and, section 222 (Id.) provides that assault in the third degree is punishable by imprisonment "for not more than one year, or by a fine of not more than $500, or by both." Thus the punishment for assault in the third degree is identical with that provided for the punishment of misdemeanors. It is therefore clear, as I think, that the relator could only be punished as for a misdemeanor; that is, by imprisonment in a penitentiary or county jail, or by fine, or both. The relator's case comes very manifestly within the purview of section 15, above cited; indeed it is exactly within its terms.

It is insisted by the district attorney that his case is covered by the provisions of section 703 of the Penal Code, which declares that when a person is convicted of a crime for which the punishment inflicted by law is imprisonment "*for a term of one year*," he may be sentenced to imprisonment in a State prison. But the relator's case (assault in the third degree) calls for punishment "for not more than one year" (sec. 222), not "for a term of one year." In the former case the term is for *not more* than one year; that is, one year or less; in the latter the term must be for one year, and may be for a longer period. The sentence of the relator should have been pronounced under section 15, to imprisonment in a penitentiary or county jail, or by fine, or both. The sentence to the State prison was without authority of law, and void. The Court of Sessions might as well have sentenced him to imprisonment in a county house, asylum or hospital as to imprisonment in the State prison, in so far as there is any warrant or authority for the sentence imposed. That the State prison is a place where persons convicted

of crime may be by law imprisoned does not change the legal aspect of the case, inasmuch as even criminals cannot be imprisoned there save under lawful authority; that is, when convicted of a crime which by law authorizes their confinement in that place. I am of the opinion that the sentence in this case is simply void; that the case is the same as if no sentence had been pronounced.

But it by no means follows from this conclusion that the relator is not rightfully in the custody of the sheriff; that officer still holds him as a convicted criminal. He holds him on a valid charge and conviction of crime. This is shown by the record of conviction presented by the sheriff in his return to the writ. He holds him for legal sentence by the Court of Sessions on due conviction of assault in the third degree. So the relator should be remanded into the custody of the sheriff, or rather should be left in his custody, to the end that he may have legal judgment passed upon him and carried into effect. We should not remand him to the end that an illegal and void sentence may be made effectual in his case, but in order to have legal, valid judgment pronounced and executed against him. Nor can it be maintained that he should be discharged from custody and go free from punishment, as is claimed by his counsel, for the reason that the term of the court at which he was convicted has closed its session. In the first place it may be answered that he has caused the delay, and himself created the present condition of the case by his own action. He cannot now gainsay the right of the court to proceed on the conviction when it shall next convene. But again, suppose instead of this proceeding by *habeas corpus* an appeal had been taken to this court, the *sentence* would then have been reversed and he would have been required to appear in the Court of Sessions for rightful lawful sentence there, that is, he would have been remanded to the custody of the sheriff to the end that he might receive lawful sentence. . He could not in that case be discharged on the ground that the term of the court at which he was convicted had closed its session. So here his claim to a discharge on that ground cannot be allowed. The Court of Sessions has still jurisdiction of the case to pass sentence. As before suggested, it stands the same as if no sentence had been pronounced. The county judge was therefore right in refusing his discharge, even if it be true that the refusal was put on wrong grounds.

It is true, of course, that all that can be done on *habeas corpus* is either to discharge the prisoner or remand him to the officer having him in lawful custody, and that the court need go no further or say more than to discharge or remand. But the court must inquire into the cause of detention, and must, in case the prisoner be remanded, see that he is held under lawful authority, either for trial on a charge of crime or for sentence if duly convicted, or to have sentence executed when pronounced if not illegal. So in this case I have sought to determine the grounds of the relator's detention, why he is held in the custody of the sheriff, and for what purpose he should remain in custody. He is found to be, as I think, in lawful custody, being a convicted criminal awaiting lawful sentence therefor. He should therefore be remanded, not discharged.

The case would be quite different were the relator actually in the State prison, and held there for punishment only, under the illegal and void sentence here pronounced. In such case the decision in *Ex parte Lange* (18 Wall., 163) would require his absolute discharge, because held in custody under an illegal and void process. At the same time, it might be that the officer who pronounced the illegal judgment or sentence, would have judicial protection in an action against him for false imprisonment, as was held in *Lange* v. *Benedict* (73 N. Y., 12). But these questions we need not consider, inasmuch as we find the relator yet subject to the jurisdiction of the Court of Sessions — held in the county jail by the proper officer, as a convicted criminal subject to legal sentence therefor by that court.

It follows from these conclusions that the county judge was right in remanding the prisoner to the custody of the sheriff, and his order to that effect should be affirmed.

BOARDMAN, J., concurred in result.

Order affirmed.