SOPHIA JACQUIN, RESPONDENT, v. CHARLES JACQUIN, APPELLANT.

*Contempt of court — when the failure of a defendant to comply with the directions of a final judgment cannot be treated as a contempt — Code of Civil Procedure, secs. 1773, 1769; sec. 1241, sub. 2; sec. 8, sub. 3—"mandate," meaning of.*

Where, in an action for a separation, brought by a wife against her husband, the final judgment directs the defendant to pay to the plaintiff's attorney a fixed sum, as and for her costs and counsel fees, the failure of the defendant to make such payment cannot be treated as a contempt, authorizing his commitment until he shall pay the said amount.

The term "mandate" in subdivision 3 of section 8 of the Code of Civil Procedure, as defined by subdivision 2 of section 3343, does not include a fixed sum of money recovered by a final judgment.

APPEAL from an order adjudging the defendant guilty of contempt and directing his commitment until he should pay to the plaintiff the sum of $681.81 with interest, and the sum of ten dollars costs of motion, together with the sheriff's fees on the execution of the warrant of commitment.

*L. C. Waehner,* for the appellant.

*John M. Bowers,* for the respondent.

DANIELS, J.:

The amount directed to be paid by the order was the costs and counsel fee recovered by the final judgment entered in the action. This judgment directed that the defendant should pay the amount to the attorneys for the plaintiff within five days after service upon him of a certified copy of the judgment, and the only point required to be examined is whether the court was authorized to direct his commitment for the non-payment of this sum of money. The amount was fixed and definite and capable of being docketed against the defendant, and collected by means of an execution. And when a judgment has been entered for the recovery of a fixed sum of money, there it has been provided by section 1240 of the Code of Civil Procedure that it may be enforced by execution. The action was for a separation, and it resulted in such a judgment in favor of the plaintiff. In an action of this description, it has been provided by section 1773 of the Code of Civil Procedure, that the defendant may be punished for his failure to make payment of any sum of money, as that may be required by the judgment or order referred to in the preceding section. But that section does not include that part of the judgment which may be entered for the recovery of the costs.

It has been expressly limited to that part of the judgment requiring the husband to provide for the education and maintenance of any of the children of the marriage, or for the support of his wife, and to the non-payment of money directed to be paid by orders provided for in section 1769. That section has been limited to orders made during the pendency of the action, by which the husband may be required to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide

for the education and maintenance of the children of the marriage, or for the support of the wife. Neither this section nor either of the others referred to include so much of a final judgment as may be entered for the recovery of the costs and expenses of the action, except that section 1769 has permitted the court to order the payment of final costs to be made out of property sequestered or otherwise in the power of the court. It is evident from this construction that the recovery of final costs received the attention of the legislature in the enactment of the section. But while this authority was given to the court to direct their payment out of property sequestered or otherwise in its power, no authority to punish the defendant by a proceeding for a contempt for non-payment of final costs was conferred by this or either of the other sections; and if such authority was intended to have been given, it is reasonable to suppose that it would have been found in one or more of these sections of the Code, enacted as declaratory of the rights of the parties, and to prescribe the mode of proceeding in actions of this description. The absence of such a power from these sections is a very cogent indication that it was not designed to be possessed by the court, but that the power to punish the defendant for contempt was intended to be limited to his failure to comply with orders made during the pendency of the action for the payment of money, or directions contained in the final judgment for payments to be made for the education and maintenance of his children and the support of his wife.

It seems to have been supposed that the husband was liable to be punished by way of proceeding for a contempt for the non-payment of final costs under the authority of section 1241 of the Code. But by subdivision 2 of that section it has been provided that where the judgment is final, and part of it cannot be enforced by execution as prescribed in the preceding section, the part or parts which cannot be so enforced may be enforced by proceedings for contempt. This limitation of the right to enforce the final judgment plainly excludes that part of it which may be enforced by execution, as the direction for the payment of final costs is always capable of being enforced; and that conforms to the directions contained in subdivision 3 of section 14, which permits a party to be punished by way of contempt, for the non-payment of a sum of money ordered

or adjudged to be paid, only in a case where by law execution cannot be awarded for the collection of such sum.

The direction given for the payment of costs in the judgment was not a mandate within the signification of subdivision 3 of section 8 ; for that has been so defined by subdivision 2 of section 3343 of the Code as not to include a fixed sum of money recovered by a final judgment. The policy indicated by all these provisions of the Code is, that such a sum is to be recovered by means of an execution, and not to be enforced by proceedings by way of a contempt because of its non-payment. And these provisions require that subdivision 4 of section 1241, providing for the enforcement of a judgment for the payment of money into court or to an officer of the court, should be subordinated to this construction. For care would not have been taken to restrict the right of the successful party to an execution, if it had been designed to subject him to proceedings by way of contempt under the more obscure language of this subdivision. What was probably designed by this subdivision was to include such judgments as should be recovered for moneys wrongfully withheld from the court or one of its officers by the defendant, which the court itself would be required to hold for or distribute among parties entitled to receive it. A direction contained in the judgment, as this was made, to pay the final costs to the attorneys could not well be included within the language of this provision, for they are not the officers intended to be included in this subdivision.

The practical effect of *Baker* v. *Baker* (23 Hun, 356) and *People ex rel. Fries* v. *Riley* (25 id., 587), is to sustain this construction of these different provisions of the Code. It is true that in *Lansing* v. *Lansing* (41 How., 248), costs were included in the order made for the punishment of the husband ; but as the order also included money required to be paid by him for the benefit of his wife, he could not be relieved from his imprisonment under the order until that payment had been made, even though the further direction for the payment of the costs was unauthorized. (*People ex rel. Woolf* v. *Jacobs*, 5 Hun, 428, 433, and affirmed in 66 N. Y., 8.)

The case of *Park* v. *Park* (80 N. Y., 156) in no manner conflicts with this construction of these provisions of the Code. There the husband was punished for disobeying a lawful mandate of the

court, and the costs required to be paid by him were not the costs of the action but the costs of the proceeding to punish him for his contempt. What was said in the course of the opinion concerning the right to punish the husband for the non-payment of costs is to be received and understood with this qualification. For such costs clearly appear to have been the costs considered by the General Term when the case was heard and decided there. (18 Hun, 466.)

The case of *Howe* v. *Howe* (5 Weekly Dig., 460) arose before all the present provisions of the Code went into effect. The point could not, therefore, be there considered as it has now been presented, and that circumstance may have led to the decision which was then made; and as already suggested, the subdivision upon which *Pritchard* v. *Pritchard* (4 Abb N. C., 298) was decided, cannot be so construed as to include a judgment for the recovery of final costs in an action for a separation. The direction, though formally requiring the costs to be paid to the attorneys, was in substance and effect no more than a final recovery of the costs by the plaintiff in this action against the defendant.

The order, from which the appeal has been taken, should be reversed and an order entered denying the motion, but without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, motion denied, without costs.