IN THE MATTER OF THE PETITION OF HENRY LEWIS MORRIS, AS TRUSTEE, ETC., TO FILE HIS ACCOUNTS, AND TO BE RELIEVED FROM HIS TRUSTEESHIP.

*Contempt — when the failure of a trustee to pay over money in his hands will constitute one — a fine to the amount required to be paid may be imposed — Code of Civil Procedure, secs. 2284, 2285 — quære, as to the power to include costs and expenses in the fine — counsel fees cannot be included.*

Where a trustee has been adjudged to be guilty of a contempt, because of a failure to pay over moneys received by him as trustee, in an order made upon an accounting, the court may, under the authority conferred by section 2284 of the Code of Civil Procedure, impose as a fine the amount which he has received and failed to pay, and direct him to be imprisoned until he shall pay the fine, as provided in section 2285 of the said Code.

It is not sufficient, to protect the party against proceedings and punishment under this section, to show that an action may on general principles be maintained for the same cause, but it must be shown to be a case where the law has specially prescribed an action as the means of redress.

*It seems* that as the power to include the costs and expenses of the proceeding in cases where a fine is imposed by way of indemnity, which was conferred by the provisions of the Revised Statutes, is not in express terms conferred by that portion of the said section 2284 which provides for the imposition of a fine by way of indemnity, that it is doubtful whether any allowance can now be made therefor.

That even if the power to include the complainant's costs and expenses in the fine, provided for by another clause in the same section, in the case where no actual loss or injury has been shown, should be held to extend to cases in which a fine by way of indemnity is imposed, it does not authorize any allowance to be made for counsel fees.

*Sudlow* v. *Knox* (7 Abb. N. S., 412); *People ex rel. Woolf* v. *Jacobs* (5 Hun, 428); affirmed, 66 N. Y., 8; *Power* v. *Village of Athens* (19 Hun, 165, 171) followed; *Van Valkenburgh* v. *Doolittle* (4 Abb. N. C., 72) not followed.

APPEAL by William F. Haigh from an order imposing a fine upon him amounting to the sum of $11,469.18 and interest, together with the sum of $1,250 as the costs and expenses of the proceeding for a contempt, consisting in the violation of a previous order of the court.

*James R. Angel*, for the appellant.

*James R. Marvin*, for the respondent.

DANIELS, J. :

The proceeding was commenced by the petition of the trustee, Henry Lewis Morris, for the settlement of his accounts, and to be allowed to resign his position as trustee of an estate for the benefit of Elizabeth P. Haigh.   By the trust she was entitled to the income of the trust estate during her life.   Her husband had made notes upon which she was the indorser, which were held by the Bowery National Bank of New York.   On the 23d of July, 1880, an agreement was made for the management of the affairs or business of the trust by the New York Wire and Wire Rope Company, and payment by it out of the income of the trust to the extent of $11,000 to the bank in satisfaction of this indebtedness.   While the proceedings were pending, Morris was discharged as the trustee, and the appellant was appointed in his place, and he afterwards acted as such under the trust deed.   The company paid upon the notes the sum of $7,119.85 out of the undrawn profits of the trust. It failed after that to make any further payments.   Mrs. Haigh died on the 6th of January, 1881, and Richard Hamilton was appointed the administrator of her estate.   In the course of the proceedings a reference was ordered to take and state the accounts of the former trustee and of the trust estate.   That reference was executed, and reports made by the referee which, with certain modification not requiring to be noticed, were confirmed by the court.   It then appeared that there was due to Mrs. Haigh from the trust estate the sum of $17,339.95 less the sum already mentioned which had been paid to the Bowery National Bank, the balance then appearing being $10,222.81.   Out of this balance it was determined that the residue of the indebtedness to the bank should be paid, and an order was made upon the referee's report adjusting the state of the account and to which the appellant was a party.   It was directed by the court that the said William F. Haigh, trustee, and the New York Wire and Wire Rope Company, whichever may be in possession of the trust estate, is hereby ordered and directed to ascertain and separate from the effects of the said trust estate the assets and property therein belonging to the said Eliza V. Haigh, deceased, at the date of her death, and to convert the same with all convenient speed into cash, and to pay therefrom the claim of the Bowery

National Bank, mentioned in said report, so far as the same may be applicable, and any balance thereof, which may remain after the payment of said claim, he thereupon pay and deliver to Richard Hamilton, administrator of the said Eliza V. Haigh, deceased, intestate. And it was for his failure to comply with this direction that he was fined by the order from which the appeal has been brought, and afterwards committed to prison.

After such failure the bank and the administrator of the estate of Eliza B. Haigh presented a petition to the court setting forth the omission of the appellant to comply with this direction, and alleging against him the misappropriation of the moneys applicable under the agreement to the payment of this indebtedness, and asking for his punishment for the alleged contempt arising out of such violation of the order of the court. The proceedings were referred to a referee, before whom two different hearings took place, and by the evidence given upon the hearings, it was made to appear that the appellant had settled with the Wire and Wire Rope Company and had received notes for this balance, together with interest upon it, and had used these notes in the purchase of a majority of the stock of the company. The notes were afterwards paid by the company, which was shown to have been solvent at the time when the settlement took place, but no part of their proceeds was paid either to the bank or the administrator.

The appellant claimed by way of excuse that he was obliged to hypothecate the notes in this manner through an understanding with the officers of the company at the time when they were received, but that has been so far contradicted as to deprive his statement of all weight and effect as evidence. The statement of two of the witnesses is to the effect that the settlement was entirely voluntary without any condition being exacted on the part of the company that the notes should be used as security for the payment of the purchase-price of the stock. The stock itself was not purchased of the company, but from another person having possession of the shares, and claiming and appearing at the time to be their owner. Taking the notes in this manner was not strictly a compliance with the direction of the court, but as the company was solvent and afterwards paid them, no injury resulted from this act to either of these claimants. The proceeds of the notes would

have supplied the trustee with all the funds that were required to comply with the order and satisfy and extinguish the indebtedness due to the bank, and to pay the balance remaining due to the administrator of the estate. And using the notes for another and different purpose and thereby depriving himself of the power to appropriate their proceeds to these objects, was a violation of so much of the order as has already been mentioned.

It has been objected that the order was uncertain in the obligation which it imposed by reason of the direction being that the trustee, or the company, whichever might be in possession of the trust estate, was ordered and directed to ascertain, and separate it, etc. But the trustee can derive no benefit from this uncertainty in the order, for he proceeded according to its mandate, and made an adjustment with the company, which, in effect, did separate the effects of the trust estate and its assets from the property of the corporation. Those effects he in this way actually received and the assets belonging to the intestate were also included in the notes. And after having proceeded to that extent, under the order, and acquiring the property to which it related, he deprived himself from afterwards objecting to this direction as being of too uncertain a character to require him to observe it. When he had proceeded so far and obtained the securities upon which the money was after-wards realized, by which he could have discharged the obligations imposed upon him by this portion of the order, his duty was absolute to comply with its directions for payment. He failed to discharge that duty and it was for that failure, and after an ample opportunity afforded to him for a hearing, that the fine was imposed upon him for which he has been imprisoned. This fine amounted in the aggregate to the sum of $11,469.18, and it included no more than the $10,222.81 for which notes were received by him, and interest upon that amount down to the 10th of January, 1887, when the order imposing the fine and directing his commitment was made. The proof was ample, establishing the fact that the petitioners had sustained loss and injury to this extent by this misconduct of the trustee. There was then remaining unpaid to the bank the sum of $9,375.76 and the balance to the administrator of $2,093.72. They were deprived of these sums by the misconduct of the trustee, and the court was accordingly warranted by

section 2284 of the Code of Civil Procedure, in imposing a fine to this extent upon the trustee for the violation and disobedience of its preceding order, which at all times after it was made remained in full force and effect.

This order was not deficient in the requisite adjudication that the misconduct of the trustee "was calculated to, and did defeat, impair, impede and prejudice a right or remedy of the petitioners," for it contained that express adjudication. And the evidence taken before the referee and contained in the affidavits, together with his report, fully maintained this conclusion of the court. And that was sufficient, by way of proof of damages to secure the support of this section of the Code as well as to comply with the authorities decided upon this subject. (*Tinkey* v. *Langdon*, 60 How., 180; *De Jonge* v. *Brenneman*, 23 Hun, 332; *Clark* v. *Bininger*, 75 N. Y., 344.)

This section of the Code of Civil Procedure has authorized the imposition of a fine sufficient to indemnify the party for the actual loss or injury proved, when the case is not one where it has been specially prescribed by law that an action may be maintained to recover the damages for such loss or injury. There is no special provision of law providing for the maintenance of an action to recover the damages arising in this case, and it is not sufficient to protect the party against proceedings and punishment by way of contempt that an action may, on general principles, be maintained for the same cause. It is clearly evinced by this section of the Code that proceedings by way of contempt and the right to maintain an action may be concurrent, for it has declared that the payment and acceptance of the fine will constitute a bar to an action by the aggrieved party to recover the damages for the loss or injury. To legally answer the proceeding because of the right to maintain an action for damages, it must, according to the preceding portion of the section, be a case where the law has specially prescribed an action as the means of redress. That is not this case, for no special provision has been suggested or found restricting the party to an action in a case of this description. The misconduct of the trustee was such as to include a clear and palpable violation of the direction contained in the order made for the benefit of the petitioners, and it was attended with such a degree of loss and

injury to them as will be no more than compensated by the fine which the court imposed upon him.

A more serious difficulty is presented by the appeal arising out of the imposition of the sum of $1,250 upon the trustee by way of costs and expenses. The section of the Code to which reference has been made has not by its language authorized such an addition to the fine itself. It has provided for no more, where actual loss or injury may be established, than the imposition of " a fine sufficient to indemnify the aggrieved party." The court has not been directed by anything contained in the section to add to that fine a further amount to defray costs and expenses. A power to award costs has been supplied by the succeeding portion of the section, but in the language creating it the authority by its language has been applied only to the class of cases where no actual loss or injury may be shown, and where the court may punish the party in contempt by a fine not exceeding the sum of $250, together with the amount of the complainant's costs and expenses.

In this respect the directions differ from those contained in the preceding law, for that provided for the imposition of a fine by way of indemnity for the actual loss and injury, including also the costs and expenses of the proceedings.

It was further provided where no actual loss or injury might be established, as it has also been by this section of the Code, that there the fine should not exceed $250 over and above the costs and expenses of the proceedings. In the compilation made by the Code, it will, therefore, be seen that a material omission has been made from the statute, as it was enacted and made a part of the preceding law. (3 R. S [6th ed.], 841, §§ 20, 22.)

The power contained in the Code to award costs has not been expressly given as part of or in addition to the authority to impose the fine to indemnify the loss or injury. But the power to fine in that case has been expressly limited to the loss or injury caused by the misconduct It prescribes the extent of the punishment for the act of contempt. And its language delegating that power was so employed in the Revised Statutes. If a larger signification could be given to its language then there would have been no necessity for providing as was then done, that the costs and expenses might be added to such fine.

In framing that statute this addition was expressly made to it. And that discloses the understanding of the legislature to have been that without it the costs and expenses could not be added to the fine for indemnity. As it was necessary then, it seems to be equally so now, for this section of the Code in providing for the fine by way of indemnity has so far made use of the same language as was contained in the preceding law.

It may be by great liberality of construction, if that shall be allowable in the class of cases in which a party may be punished for a contempt, that the provision in this section of the Code for costs and expenses, should be extended so far as to include the class of cases provided for by the preceding portion of the section where actual loss and injury has been produced. There certainly is no good reason why the costs and expenses should not in those cases be added to the punishment of the party in contempt. And, perhaps, as broad a construction as that should be given to this section of the Code even at the risk of straining the language used by the legislature. But this case does not require a definite determination of this point, for this authority, if it can be held to exist, has been here exceeded.

The objection has been made by the counsel for the trustee that no authority existed for the allowance of a counsel fee, and in that he is supported by the decided cases. It is true that a different view was taken of the provisions of the Revised Statutes concerning the allowance of costs in these proceedings in *Van Valkenburg* v. *Doolittle* (4 Abb. [N. C.], 72). But in that decision the prevailing authorities affecting this subject were not brought to the attention of the court. If they had been, a different decision upon it must have been made, for it was held by the Court of Appeals in *Sudlow* v. *Knox* (7 Abb. [N. S.], 412), that a counsel fee could not be allowed as part of the cost and expenses of such a proceeding. And that decision was followed in *People ex rel. Woolf* v. *Jacobs* (5 Hun, 428, affirmed, 66 N. Y., 8); and, also, in *Power* v. *Village of Athens* (19 Hun, 165, 171). These cases, it will also be remembered, were decided under the Revised Statutes which contained an express provision allowing the imposition of costs and expenses. But they will be applicable to and determine the effect of this section of the Code, if it shall be construed to have so far

preserved the authority of the court as to permit the costs and expenses of the proceedings to be added to the fine imposed by way of imdemity for actual loss or injury. They certainly, however, will justify no more than that, and that falls very far short of sustaining the allowance included in the order. To that extent the trustee has legal ground for complaint. No more, in any view, should have been added to the fine for the indemnity of the parties, than the legal costs and expenses of the proceedings. The order should, therefore, be modified by reversing so much of it as directs the payment by the trustee of this sum of $1,250.

To warrant the allowance of any sum for costs and expenses they should have been legally ascertained and inserted in the order before it was entered and the trustee was committed to prison. It is too late to rectify that part of the proceedings now, and the order should, therefore, be so far only affirmed as to include the fine imposed upon the trustee. For the non payment of that he was properly committed to prison under the authority of section 2285 of the Code of Civil Procedure. For it has directed where the misconduct consists of an omission to perform an act or duty which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine imposed. By the final order what he is required to do is to pay the fine itself, which will perform the act or duty he omitted to perform, and in which his misconduct consisted. But as the order is affirmed in part only it should be without costs of the appeal.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Order modified as directed in opinion and affirmed as modified without costs.