Daniels, J.
—The relator is in the custody of the sheriff, under a commitment for contempt in failing to pay $150 referee’s fees, $50, the balance of counsel fee, $50 on account of alimony unpaid on the 14th of April, 1886, and the further sum of $895 awarded for the same object. A commitment for default in the payment of the same sums was issued against him out of the court of common pleas of *559 the city and county of New York, in which the action was pending, on the 23d of December, 1886, under -which he was detained in custody for the period of eighteen days. On that day a still more formal and extended commitment was issued against him, under which he was in the custody of the same officer for a period of twenty-two days, and since the expiration of that time he has been held in like custody under the commitment annexed to the petition for the writ of habeas corpus, and returned with the writ. One ground of his application for a discharge is that he could not lawfully be detained in custody by the issuing of successive commitments in this manner, but what is called the demurrer to the return states the fact to be, and it is probably truthful in that respect, that he was at no time discharged from custody under either of the two preceding commitments. In fact, he obtained writs of habeas corpus, upon which applications were made for his discharge, which, in each instance, were denied. The first and second commitments issued against him were each defective, and for that reason they were succeeded by these subsequent commitments, whose object was beyond question to legalize his custody and detention. And in this state of facts no case has been made in his favor for his discharge from imprisonment, under section 2050 of the Code of Civil Procedure, declaring a person shall not be again imprisoned, restrained or kept in custody, for the same cause, after he has been discharged by a final order made upon a writ of habeas corpus or certiorari. He has neither been discharged in fact nor by virtue of either of these writs, but in each case the application for his discharge under the first and second commitment has been denied. A further reason would prevent his present discharge, if he had been formally relieved from custody under the first and second commitments. For, by subdivision three of the same section, a .person discharged for any illegality in the final order, judgment or other mandate, is not entitled after-wards to be discharged, when he has been again imprisoned by virtue of a lawful ¡judgment, or other mandate, for the same cause of action. The grounds are, therefore, both ample and conclusive for overruling this objection made on behalf of the relator.
A further objection against the relator’s imprisonment has been made upon the omission of the third commitment to recite that notice was given to him of the application for the order of the 12th of April, 1887, or the order of the 14th of the same month. But those orders were entered to supply defects in preceding orders in the same proceeding, by which the relator was adjudged to be in contempt, for the non-payment of these several sums of money. These *560 preceding orders are mentioned in the last commitment, and before they were made, notice was given to the relator of the application for these orders. That appears to be the case with the order of the 14th of April, 1886, and the order of the 23d of December, 1886, in each of which a recital is made that the application for the order was opposed by the relator’s counsel, and that it was after hearing such counsel that these orders were made. They each required the payment of these sums of money by him and directed a commitment to be issued against him in case he failed to make such payment.
The adjudications upon which he has been committed, therefore, were regularly made after the actual hearing of the relator by his counsel, and the subsequent orders of the 12th and 14th of April, 1887, were added for the purpose of reciting and stating more completely than these preceding-orders did, the adjudications made against the relator. They were entered' to formally comply with the requirements of the Code for the punishment of the relator for his disobedience of the preceding orders, and to state in detail the adjudications made setting forth such compliance. And in this manner, whatever defects may have existed in consequence of the imperfect recitals or statements of the preceding orders, have been corrected, and the relator’s imprisonment and detention legalized, if it was not previously so, by means of such correction.
A further objection has been taken to these final orders, that the affidavit or proof recited in them was not served upon the defendant, and section 2274 has been referred to as supporting this objection. But it does not, for that refers to the affidavits upon which a warrant of attachment may be issued to bring the defendant before the court to answer for his alleged contempt. This was not a proceeding of that description, but all that the affidavit or proof was relied upon to establish, was, that the relator had failed to comply with the order directing the payment of these several sums of money; and neither the service of such affidavit, or proof of notice of the application was required to be made or given to the relator. But the court was at liberty to dispense with it under the authority of section 2268 of the Code.
By section 1773 of the Code the relator was subject to punishment for his default in not making payment of the sums of money allowed for alimony and counsel fees during the pendency of the litigation. And the mode in which he was subject to punishment was that prescribed by title 3 of chapter 17 of the same act, and he was proceeded against, as that title has provided that such proceedings shall be commenced and carried on, and the orders, as they have *561 finally been entered, contain the precise adjudication required to be made by section 2281 of the Code. By section 2284, which is a part of the same title, a fine was to be imimposed upon him sufficient to indemnify the aggrieved party for the damages, loss or injury sustained by reason •of his default in payment, and, because no formal fine has been mentioned in the orders, it has been further insisted, •on behalf of the relator, that he is entitled to his discharge. But while the orders may be defective in this respect, they are not substantially so, for they do prescribe the amounts to be paid by the relator to relieve himself from imprisonment. This informality might be serviceable to him in support of an appeal from the orders themselves, but it cannot be by way of sustaining his application for his discharge in this collateral proceeding, so long as the orders indicate precisely the moneys he is to pay and in that manner substantially present the elements of the fine required to be imposed upon him.
The substance is in the orders creating a compliance with this section of the act, though not formally expressed, as that requires it should be done.
As to the $150 referees fees the relator is not subject to imprisonment for their non-payment. What the law has provided for is his punishment in this manner, for his default, refusal or neglect to pay the alimony and counsel fees allowed and directed to be paid by these orders. No provision of the Code sanctions the insertion of the referees fees in the order as a foundation for the relator’s imprisonment. But he is not entitled to be discharged from imprisonment, because this particular direction has not been authorized. Before he can secure his discharge on that ground, he must pay the other sums which he has been legally directed to pay, and adjudged in contempt for not paying. People v. Jacobs, 5 Hun, 428, affirmed, 66 N. Y., 8. Upon neither of the grounds presented by the counsel for the relator is he entitled to be discharged from imprisonment under the writ of habeas corpus. The order denying his discharge was lawfully made therefore, and it should be affirmed with ten dollars costs, and also the disbursements.
Brady, J., and Van Brunt, P. J., concur.