LOUDEN *v.* DAY and Another.

ERROR to the *Marion* Circuit Court.

DAVISON, J.—Replevin by the defendants in error against *Louden*, for a one-horse hack, worth 60 dollars.  Pleas, 1. *Non detinet;* 2. *Non cepit;* 3. Property in *Louden.*  Replication in denial of the third plea, and issues.

*Wednesday, December 13.*

The material facts of this case are these:  On the 19th of *January*, 1850, one *George Buchanan* recovered, before a justice of the peace, a judgment against *Robert Rabb* and *Peter F. Newland* for 40 dollars, with costs.  Upon this judgment *Louden* became replevin bail; and to indemnify him against any liability he might incur as such bail, the hack in question was mortgaged to him by *Newland.*  The mortgage stipulated that until default in the performance of its condition, *Newland* was to retain possession of the hack, unless he should attempt to sell the property or remove it from *Marion* county, with a view of depriving *Louden* of the benefit of the mortgage, in which case he, *Louden,* was to have the possession, &c.  *Newland* paid 4 dollars on the judgment, and *Louden* being indebted to *Rabb* 18 dollars, executed to him a note for that sum, upon a verbal condition, not expressed in the note, that the amount thereof should remain in *Louden's* hands to be applied in payment of the judgment.  He was also indebted to *Rabb* 20 dollars for work and labor, and it was agreed between them that that sum should also remain in the hands of *Louden,* to be by him applied in like manner.  *Newland* sold the hack to the plaintiffs, and shortly afterwards died.  Without reviving the judgment against his personal representative, an execution was issued upon it.  This execution was, by *Louden's* direction, levied on the hack, which was afterwards sold to him at constable's sale; and in pursuance of that sale he took possession of it.

The record states that, upon the above evidence, the Circuit Court "found that the mortgage was fully satisfied by *Rabb* to *Louden* before the amount of the judgment was demanded of him, and before the execution was issued, or,

Nov. Term, 1854.

at least, before he was called to pay the judgment or any part of it; and, therefore, the Court found for the plaintiffs upon the issues."

We think the decision was right. When the execution issued, and while it was in the constable's hands, the hack was in the possession of the plaintiffs as their property. It follows that the execution never was a lien on the hack; the levy was void and the sale to *Louden* inoperative. Under that sale he acquired no title. He might have claimed the property under the mortgage, if it had remained unsatisfied; but the Court, sitting as a jury, has decided that "the mortgage was fully satisfied before the execution was issued," and we are not prepared to say that the decision is against the weight of evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Ketcham* and *N. B. Taylor*, for the plaintiff.

*R. L. Walpole*, for the defendants.