THE PEOPLE ex rel. DAVID WOOLF, Respondents, v. AARON JACOBS, Appellant.

In proceedings under the statute for contempt (2 R. S., 534, *et seq.*), the court has jurisdiction to determine the amount of costs and expenses to be imposed as a fine in case the party is adjudged in contempt, and if items are included which ought not properly to be allowed, this is not an excess of jurisdiction and does not render the commitment void.

The action of the court, therefore, cannot in such case be reviewed on *habeas corpus*.

*People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559) distinguished.

(Argued April 4; 1876; decided April 18, 1876.)

ERROR to the General Term of the Supreme Court in the first judicial department to review an order of a justice of said court discharging, upon writ of *habeas corpus*, defendant from imprisonment under a warrant of commitment issued out of the Superior Court of the city of New York for an alleged contempt in violating an injunction order. (Reported below, 5 Hun, 428.)

It appeared by the return to the writ that defendant was adjudged in contempt; that the court imposed a fine and directed defendant to be imprisoned thirty days, and until the

1876.]     People ex rel. Woolf *v.* Jacobs.     9

Opinion of the Court, per Rapallo, J.

fine should be paid. In the sum imposed as a fine was included an item of $150 " as a counsel fee," which was claimed to be erroneous.

*Samuel J. Crooks* for the appellant.

*C. Bainbridge Smith* for the respondent. The court had no discretion as to the amount of the fine to be imposed. (*Davis* v. *Sturtevant*, 9 N. Y., 263 ; *People* v. *Compton*, 1 Duer, 512–517.) A reasonable counsel fee may properly be allowed to the aggrieved party under sections 21 and 29 of the Revised Statutes " of proceedings for contempts." (1 Duer, 546 ; *Davis* v. *Sturtevant*, 4 id., 148, 149.) The allowance of a counsel fee in such a proceeding is not reviewable on a writ of *habeas corpus* (*People* v. *Hackley*, 24 N. Y., 74, 77 ; Hurd on Hab. Cor., 412.)

Rapallo, J. The appellant was imprisoned under a commitment for a contempt of court, in violating an order of injunction. The warrant directed him to be detained for thirty days, and also until he should pay a fine imposed upon him by the court. The appellant sued out a writ of *habeas corpus* and claimed to be discharged on the sole ground that in the amount imposed in the fine there was included the sum of $150, for counsel fees in the proceedings to punish the appellant for the contempt.

Proceedings for contempt are regulated by title 13 of chapter 8 of part 3 of the Revised Statutes, which title is retained in force by section 471 of the Code. Section 21 of this title (2 R. S., 538), provides that where the misconduct has produced injury to any party a fine shall be imposed sufficient to indemnify such party and to satisfy his costs and expenses. Section 25 authorizes imprisonment for a term not exceeding six months and until the expenses of the proceeding are paid ; and also, if a fine be imposed, until such fine be paid. It is evident that the court has jurisdiction to ascertain and determine the amount of the costs and expenses, and that, if

10          People ex rel. Woolf *v.* Jacobs.          [April,

Opinion of the Court, per Rapallo, J.

in determining this amount it includes items which ought not properly to be allowed as costs or expenses, this is merely an erroneous decision on a matter which the law has committed to its judgment, and is not an excess of jurisdiction or power. That such an error cannot render the commitment void, or be reviewed on *habeas corpus* is too plain a proposition to admit of argument.

The case of *People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559) is cited as an authority in support of the proposition of the appellant, that the writ of *habeas corpus* is a proper remedy in such a case. How that decision can have been so misinterpreted it is difficult to comprehend. In respect to the question of the remedy by *habeas corpus*, what is decided in that case is, that where the punishment for a crime is defined and limited by statute and the court has imposed a sentence to the full limit allowed by the statute, it has exhausted its authority in the case, and that if it proceeds to impose further additional sentences the latter are void, and afford no justification for the detention of the prisoner after he has served out the full term of imprisonment which the statute empowered the court to impose upon him, and that he is then entitled to his discharge on *habeas corpus.* This has no analogy to a case when a court empowered by law to ascertain and determine the amount of costs and expenses to be included in a fine, simply makes an erroneous decision as to the allowance of some item. If the court in this case had committed the prisoner for the full term of six months allowed by the statute, and had superadded to that a further commitment for six years, and the prisoner, after having paid his fine and served his six months' imprisonment, had applied to be discharged on *habeas corpus,* the case of *People ex rel. Tweed* v. *Liscomb* might with propriety have been cited as an authority in support of his application.

The judgment of the General Term should be affirmed, with costs

All concur.

Judgment affirmed.