WHITE v. SECOR ET AL.

1. **Mortgage:** FORECLOSURE OF: ACTION TO CORRECT. A mortgage was foreclosed in the name of the mortgagee, who was dead at the time, by direction of a party who claimed to be the owner of the note and mortgage as devisee, and who afterwards brought this action to correct the decree and the sheriff's deed by the substitution of his own name. *Held:*
    · 1. That he was not entitled to such relief.
    2. That, having the possession and being *prima facie* the owner of the note and mortgage as devisee, he was entitled to a re-foreclosure of the mortgage in his own name.

*Appeal from Adair Circuit Court.*

FRIDAY, JUNE 9.

ʼIN 1873 the defendant Wm. M. Secor and his wife Rebecca Secor executed to one Miles White a mortgage to secure certain promissory notes. Afterwards Miles White died. The plaint-iff, Francis White, put the notes and mortgage into the hands of an attorney with directions to bring an action thereon for foreclosure, but did not inform the attorney that Miles White was dead. The attorney, supposing Miles to be still alive, brought the action in his name as mortgagee. Personal ser-vice was obtained upon the defendants. They made no ap-pearance, and decree was taken against them by default. An execution was issued in the name of Miles White, and the property was sold and bid in in his name, and after the expira-tion of the year of redemption a sheriff's deed was executed running to him. As soon as the mistake was discovered the plaintiff caused a notice thereof to be served upon the defend-

ants, and an offer to be made to them of an opportunity to redeem. The defendant neglected to redeem. The plaintiff then brought this action. He avers the death of Miles White, the mistake in the manner of bringing the action of ownership of the notes and mortgage in himself, and prays that the decree in the action for foreclosure and the sheriffs deed may be corrected by the substitution therein for the name of Miles White his own name, and in case this relief is denied him he prays for a re-foreclosure of the mortgage in his own name. There was a trial and a deceee was granted, correcting the original decree and sheriff's deed according to the plaintiff's first prayer, and judgment was rendered against the defendants for costs. The defendants appeal.

*Gow & Hager*, for appellants.

*McCaughan & Dabney*, and *H. Grass*, for appellee,

ADAMS, J.—The defendants contend that a deceased person cannot be a plaintiff in an action, and that without a plaintiff there cannot be an action. They contend therefore that the decree and pretended sale made thereunder was void. Precisely what view should be taken of this question we do not feel called upon to determine. The proceedings were regular upon their face, and if a third person without the knowledge of the death of Miles White had been the purchaser at the execution sale, we are not prepared to say that the defendants would not, as against such purchase, be estopped from saying that the decree and sale were void. But this action for correction of the decree and deed is brought by a person claiming to be the executor and devifee of Miles White and by the person who caused the original action to be brought. It was throught his own neglect and fault that the action was brought in the name of a deceased person, and it does not appear to have been equally the fault of the defendants that they made no defense upon that ground, because it does not appear that they had knowl-

*1. MORTGAGE: foreclosure of: action to correct.*

edge that Miles White was dead. The proceedings by which the decree was obtained and property sold were, to say the least, exceedingly irregular and not such as the law contemplates. We do not think that in contemplation of law the sale can be said to be a fair one. No person, we think, with knowledge of the facts would feel justified in bidding at such a sale. The plaintiff now comes into a court of equity and insists upon the binding offer of the sale, and predicates his right to relief thereon, which he says go only to a matter of form, and asks that the relief be granted him at the defendants' costs. In our opinioon we should not be justified in sanctioning the rule for which he contends.

Even where a plaintiff dies after judgment an execution cannot properly issue without an indorsement thereon of the personal representatives or heirs as the case may be. Code, § 3130. We do not forget that the plaintiff has averred and shown that the defendants were offered by him an opportunity to redeem after the execution of the sheriff's deed and the discovery of the mistake. But, in our opinion, the plaintiff's case is not aided by such offer. It may be that the defendants were not able to redeem, and if not it was their right to have the property properly sold. In this connection we ought perhaps to say that the plaintiff insists that he who asks equity should do equity, and that the defendants cannot for this reason successfully resist his claim without first tendering the amount due. But the maxim relied upon is not applicable except where it is involved against a party asking affirmative relief. Now while the defendants do ask some affirmative relief, and to that extent the maxim may be deemed applicable, yet they are entitled to resist the plaintiff's claim without a tender, and be left for the present in the possession of their property as they now are. We come next to inquire whether the plaintiff is entitled to a foreclosure and to this we have to say that we think that he is. Whether the plaintiff would for the purpose of obtaining this relief be entitled as against the defendants to set up his mistake occuring through his own neg-

ligence, if the defendants insisted upon the validity of the foreclosure, we do not determine. They insist that the foreclosure is void. If it is void as they insist we think that the plaintiff is entitled to have a decree of foreclosure in his name provided he has shown himself to be the owner of the notes and mortgage. The evidence shows that the notes and mortgage were in his possession prior to the foreclosure; that they were delivered by him to his attorney who filed them in court where they have remained. We think that he should be regarded as being in possession at the time they were offered in this action. The evidence also shows that they were devised to him. It is stated in the record that the will of Miles White was introduced in evidence, and whatever was introduced showed such devise. The only doubt as to the sufficiency of the evidence arises from the fact that there was no direct evidence that the will had been probated. But it does not appear that objection was made to its introduction specifically upon this ground. We think then that the statement that the will of Miles White was introduced requires us, in the absence of any objection that it had not been probated or showing to that effect, to assume that it had been probated. But it is said that the title to the notes and mortgage must have passed originally to the executor, and it is not shown that it was passed from him to the devisee, nor is it shown that the plaintiff is executor, for while it is shown that he was appointed executor by the testator, it is not shown that he was qualified. But the possession of personal property by a devisee thereof is, we think, prima facie evidence that he holds it as devisee unless the same person is executor and holds it as executor. For the purpose of this case it is not material in which capacity the plaintiff held the notes and mortgage. We think that he is entitled to a decree of foreclosure as prayed.

MODIFIED AND AFFIRMED.