## ELSNER v. SHRIGLEY.

1. **Criminal Law**: IMPRISONMENT: AMENDING JUDGMENT: EFFECT. Where defendant in a criminal case was sentenced to pay a fine, and in default thereof to be imprisoned until the fine was paid, and at the next term of the court, upon motion of the county attorney, and without notice to the defendant, the court so amended the judgment as to limit the imprisonment to one day for every $3.33 of the fine, *held* that the amendment was void, but that it did not avoid the original judgment.

2. ———: JUDGMENT: FAILURE TO FIX TIME OF IMPRISONMENT: HABEAS CORPUS. The judgment in such case was not void, but only erroneous, on account of its failure to fix the limit of defendant's imprisonment; for the law fixes such limit, beyond which defendant could not be imprisoned, notwithstanding the language of the judgment. And, under section 3483 of the Code, which provides that *habeas corpus* will not lie to question the action "of a court or judge when acting within their legitimate province, and in a lawful manner," *held* that the judgment in question could not be reviewed upon proceedings in *habeas corpus*, on account of its failure to state the limit of imprisonment. (See opinion for citations.)

Elsner v. Shrigley.

3. ———— : LIQUOR NUISANCE : JUDGMENT : FINE : IMPRISONMENT : CONSTRUCTION. Upon an indictment for a liquor nuisance, the defendant was sentenced to pay a fine and costs, including an attorney's fee, and judgment was rendered therefor, which was made a lien on the property used in the unlawful business, and the decree provided for a special execution for the sale of such property, and for a general execution for any unpaid balance. It then provided that in default of the payment of the fine a warrant should issue for the commitment of defendant, and that he should be imprisoned. *Held* that the judgment, fairly construed, meant that defendant should pay the fine or stand committed, and that the claim that it meant that he should be committed only after other means for the collection of the judgment were exhausted, and then only for the balance found due, could not be sustained.

4. **Habeas Corpus** : REMANDING OF PRISONER : BAIL PENDING APPEAL : ORDER BY SUPREME COURT. Where a prisoner, committed in default of payment of a fine, sought his liberty under *habeas corpus* proceedings, but was remanded by the district court, and thereupon asked to be admitted to bail pending an appeal in that case, but the court refused to admit him to bail, *held* ( without deciding the point ) that the authority of this court to make an order directing the district court to admit him to bail was exceedingly doubtful.

*Appeal from Jackson District Court.*—HON. C. M. WATERMAN, Judge.

FILED, MAY 12, 1890

THE plaintiff was indicted before the district court of Jackson county for the crime of keeping and maintaining a nuisance, under the law for the suppression of intemperance, and convicted on his plea of guilty. The court " thereupon sentenced the defendant to pay a fine of three hundred dollars and costs, including an attorney's fee of fifty dollars, to be taxed with the costs," and gave judgment therefor. It also decreed the judgment a lien upon the premises described in the indictment, including the " fixtures, furniture, vessels and all movable property used in and about the premises, in carrying on the said unlawful business set out in the indictment." The judgment also provides that a special execution shall issue for the sale of said property, and that a general execution shall issue for

any unpaid balance. It again provides that, "if the said defendant shall fail to pay said fine, costs and attorney's fee, the clerk shall issue a warrant of commitment for the defendant, and he shall stand committed and be imprisoned in the county jail, at hard labor, until said fine and costs are paid." In pursuance of said judgment, the plaintiff was committed to the jail of Jackson county, and he brings this action, *habeas corpus*, to test the legality of his imprisonment. The writ was issued by the district court of Jackson county, and upon the hearing it remanded the plaintiff to the custody of the defendant, for imprisonment by virtue of the judgment. From such order the plaintiff appeals to this court.

*Hayes & Schuyler* and *D. A. Wynkoop*, for appellant.

*John Y. Stone*, Attorney General, and *J. Hilsinger*, County Attorney, for appellee.

GRANGER, J.—I. The plea of guilty and judgment were entered at the June term of court, 1889. At the October term, 1889, on motion of the county attorney, without notice to the defendant (plaintiff herein), the court corrected its entry of judgment made at the June term, as follows: "The imprisonment herein provided for not to continue longer than one day for each three and one-third dollars of the fine and costs unpaid." It is urged that this correction at a subsequent term, without notice, absolutely avoids the judgment. This position cannot be sustained. The most that can be said of the action of the court in making the correction without notice is, that the act was void. It is not as it would be in a case where a party to a judgment, and with control of it, had sought such action; for, in such a case, he would have power to avoid the judgment, and the result would only operate against him. In the criminal case

1. CRIMINAL law: imprisonment: amending judgment: effect.

the attorney could not control the judgment in such a way, and an order made at his instance, without jurisdiction, would simply be without effect,—void. Such a ruling is consistent with a fair administration of justice and the rights of all parties. To avoid a judgment for such a cause would be to defeat the ends of justice on the merest technicality. The authorities cited by appellant only hold that the entry unauthorized is void. They do not go to the extent claimed.

II. It is said that the judgment is void because it fails to fix the time the plaintiff should be imprisoned.

2. —— : judgment : failure to fix time of imprisonment : habeas corpus.

Viewing the judgment as originally entered, can its correctness be questioned in a proceeding by *habeas corpus?* The statute regulating this proceeding, after defining what may be presented by answer and reply, provides : " Sec. 3483. But it is not permissible to question the correctness of the action of the grand jury in finding a bill of indictment, or of the trial jury in trial of a cause, nor of a court or judge when acting within their legitimate province, and in a lawful manner." Was the district court, in the proceeding in which the judgment was entered, acting within its legitimate province, and in a lawful manner? If so, its action cannot be questioned in this proceeding. The judgment, at best, was but erroneous, and the error could have been corrected by appeal, like any other erroneous judgment in a criminal case. The only adjudication relied upon to support the view that the judgment is void because of a failure to specify the time of imprisonment is *Ex parte Tuicher*, 69 Iowa, 394. The case does not in terms hold such a judgment void, nor is such a conclusion necessarily deducible from the language used. In that case a judgment was entered as in this case, and the party was imprisoned beyond the term permitted by the law. This court held that the law requiring the time to be fixed in the judgment was mandatory, and it discharged the prisoner. Of course, an imprisonment beyond the time the court could have fixed under the law was illegal,

but it by no means appears that, within the limits of the court's discretion, its judgment in a proceeding of this kind would have been held void because of an error in not entering such a judgment as the law contemplates.

It cannot be said the court was not acting in a lawful "manner," in the sense in which the word "manner" should be understood. If it is to be understood that a court is acting in an unlawful manner, within the meaning of the statute, when it commits a reversible error, then the restrictions as to questioning the actions of the court are of no avail, for *habeas corpus* would lie for errors in the admission of testimony, or in giving or refusing instructions, and the word "manner," if given its most comprehensive meaning, would include such actions. But we well know that such is not the design of the law. "Manner" has reference to the method or mode of acting, more than to the degree of perfection or correctness in the conclusion or results arrived at. The statute seems to have a reference to the methods or means of obtaining results, and if a court observes such methods or means it may be said to be acting in a lawful manner, although it may err in the application of legal principles to such an extent as to involve reversible error. It is not, of course, to be understood that a court has acted in a lawful manner when the judgment it pronounces is absolutely void, for such a judgment has no support in the law. Neither the law in its substance nor " manner or form" can aid it. But if it is merely voidable it has support until set aside in a proper proceeding. The court in that proceeding had jurisdiction of the subject-matter and of the person. It had the right to impose a fine, and provide for imprisonment until the fine was paid. In so doing it could not make the imprisonment exceed one day for each three and one-third dollars. If the judgment exceeded the limit of the law, it would be void as to the excess, but not as to the remainder. *People v. Jacobs*, 66 N.Y. 8; *People v. Baker*, 89 N. Y. 460. Conceding that the court could, under the language of the statute, make

the imprisonment less than the rate named, it could not make it more, and within the limits it possessed a discretionary power, and in the erroneous exercise of such a power a court cannot generally, if ever, be said to be acting in an unlawful manner, nor are such acts generally, if ever, absolutely void.

It is said the judgment of imprisonment, by not fixing a limit, is indefinite; but the law itself defeats such a claim, for beyond its limits the judgment is void, and this proceeding is available for protection against illegal imprisonment. If it should be said that the court might have made the term of imprisonment less than the extent permitted by the law, and the plaintiff was entitled to the court's judgment specifically fixing the time, it can only be said that the failure to do so made the judgment erroneous, but not void, and the law on appeal afforded the plaintiff ample protection.

There could be no claim in this case, as is urged in the dissenting views in *Turney v. Barr*, 75 Iowa, 758, that an appeal would be unavailable, because, the judgment being regular on its face, the error could not be known; for in this case, *i. e.*, the criminal case, the error is manifest on the face of the record. In *Jackson v. Boyd*, 53 Iowa, 536, it is expressly stated that a failure to fix the time in the judgment "would not render it void;" and also "the extent of the imprisonment is fixed and declared by the statute; and when the defendant has been imprisoned the required length of time he is entitled to be discharged." Without attaching to this language a broader signification than is required by the facts considered, it sustains the view that the law is a limitation as to the extent of the imprisonment, when no time is fixed in the judgment, and is against the view that the judgment is void because under it the imprisonment might be "indefinite;" that is, to the time of the actual payment of the judgment. We reach the conclusion that *habeas corpus* is not available to question the correctness of the proceedings of the district court with reference to the judgment in question.

Our conclusion has support, more or less direct, in many cases, and among them are *Turney v. Barr, supra;* Hurd, Hab. Corp. [2 Ed.] 328; Cooley, Const. Lim. 347; *Shaw v. McHenry,* 52 Iowa, 182; *State v. Orton,* 67 Iowa, 554; *Platt v. Harrison,* 6 Iowa, 79; *Zelle v. McHenry,* 51 Iowa, 572; *Herrick v. Smith,* 1 Gray, 50; *Adams v. Vose,* 1 Gray, 51; *Ex parte Watkins,* 3 Pet. 193; *Ex parte Siebold,* 100 U. S. 371; *In re Underwood,* 30 Mich. 502; *Ross' Case,* 2 Pick, 165; *Feeley's Case,* 12 Cush. 598; *Semler, Petitioner,* 41 Wis. 517; *Ex parte Shaw,* 7 Ohio St. 81; *Ex parte Van Hagan,* 25 Ohio St. 426; *Phinney, Petitioner,* 32 Me. 440; *Kirby v. State,* 62 Ala. 51; *People v. Liscomb,* 60 N. Y. 559; *Sennott's Case,* 146 Mass. 489; *Ex parte Lange,* 18 Wall. 163. Several other objections are made to the validity of the judgment because of matters contained therein; but they are not matters that render the judgment void, even if erroneous, and they cannot be considered in this proceeding to defeat the judgment.

III. The judgment of the court provided for the issuance of a special execution to sell the property specified, and for a general execution to issue thereafter. After specifying the plea of guilty, the judgment fixes the fine to be paid, and then provides that the defendant shall be imprisoned until it is paid. After this the judgment provides for the issuance of executions, first the special, and then the general for any balance there may be, and then follows: "And if the said defendant shall fail to pay said fine, costs and attorney's fee, the clerk shall issue a warrant of commitment for the defendant, and he shall stand committed, and be imprisoned in the county jail, at hard labor, until said fine and costs are paid." It is urged that a fair construction of the judgment is that the imprisonment can only be after other means of collecting the judgment are exhausted, and then only for the amount finally found to be due. We think a fair construction is that the defendant has his choice to pay the judgment or be

*3. ——: liquor nuisance: judgment: fine: imprisonment: construction.*

imprisoned. The judgment does not specify that imprisonment shall follow a failure to collect the fine by the processes of the court, but if the defendant shall fail to pay said fine, etc. "When judgment is entered, it is his duty to come forward and pay it, and if he does not, or, at least, on demand, he fails to pay," imprisonment may follow. *Ex parte Tuicher*, cited by appellant in this connection, holds to no other view.

IV. At the hearing of this proceeding before the district court, after its judgment remanding the plaintiff, he asked to have bail fixed, and that he be admitted to bail pending this appeal, which the district court refused, and, on application to this court, an order was made directing the district court to admit the plaintiff to bail. At the January term of this court an application was submitted for a rule vacating the order by which bail was granted, and the contention is that the order was unwarranted, under the law. Inasmuch as the effect of our holding on the appeal is to vacate the order, we will not discuss the merits of the point, or say more than that, after an examination, we regard the authority for its issuance as exceedingly doubtful. The order from this court admitting the plaintiff to bail is vacated, and the district court will proceed to execute its judgment as if such order had not issued. The judgment of the district court in remanding the plaintiff to the custody of the defendant is     AFFIRMED.

