*In re* TAYLOR.

Where a court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence in excess open to question and attack.

(Syllabus by the court. Opinion filed Aug. 30, 1895.)

William W. Taylor makes application for a writ of *habeas corpus*. Denied.

The facts are stated in the opinion.

*Horner & Stewart* for petitioner.

*Coe I. Crawford*, Attorney General and *John A. Holmes*, States Attorney, for the state.

CORSON, P. J.   The petitioner, William Walter Taylor, presented to this court his petition for a writ of *habeas corpus*, alleging therein that he was illegally restrained of his liberty by the sheriff of Hughes county.   The petitioner set forth in his petition a copy of the indictment, his plea thereto, and judgment of the circuit court of Hughes county.   This court thereupon issued its writ of *habeas corpus* to the sheriff of said Hughes county, who in obedience to the command in said writ contained, brought before this court the said petitioner, and made return of the cause of his imprisonment and detention by him as sheriff of said county. From the petition and the return, which contain copies of the same indictment, plea, and judgment, it appears that the petitioner was indicted by the grand jury of Hughes county for the crime, as stated generally in the indictment, of "embezzlement." To this indictment the prisoner pleaded guilty as charged in the indictment, and the petitioner was thereupon adjudged by the circuit court of the Sixth judicial circuit, in and for Hughes county, to be imprisoned in the state's prison of the state of South Dakota for the period of five years.   The learned counsel for the petitioner contend that the law under which the petitioner was indicted did not authorize the court to impose a sentence of imprisonment for a period exceeding two years, and that as the sentence imposed was for a period of five years the judgment is void, and the petitioner is entitled to be discharged from custody.   The learned attorney general and state's attorney insist that the court was authorized to impose a sentence of five years under the law.   But they further insist that, if the sentence for five years was not authorized by law, the judgment is a legal and valid judgment for two years, and hence the petitioner would not be entitled to be discharged until the end of the two years, in any event.

The last proposition of counsel is, in our view of the case, the only one necessary to be discussed on this application; and we have not, therefore, considered, and do not express any opinion upon, the first proposition of the counsel, namely, as to whether or not the sentence should have been limited to two years. Assuming, then, for the purposes of this decision only,—but, as before stated, without deciding or expressing any opinion upon the question,—that the circuit court had no authority to sentence the petitioner for a period exceeding two years, is the judgment of the circuit court void *in toto*, or is it only void as to the period in excess of two years? If the judgment is absolutely void then the petitioner would be entitled to his discharge, But if valid for the two years, and only void for the excess, he must be remanded, as his detention at this time is legal.

There is an irreconcilable conflict in the authorities upon the question as to whether such a judgment is void as in the entire sentence, or only void as to the excess. After a careful consideration of the subject and an examination of nearly all the authorities cited, we are of the opinion that the weight of authority at the present time is that such a judgment is valid to the extent that the court had power or authority to sentence a defendant, and only void as to the excess, and that a defendant may lawfully be held under such a judgment for the period for which the court had power and authority to sentence him. This seems to have been the view taken by the supreme court of New York in *Ex parte* Sweatman, reported in 1 Cow. 144, decided in 1823, and that decision has since been generally followed in that state. People v. Liscomb; 60 N. Y. 559; People v. Jacobs, 66 N. Y. 8; People v. Baker, 89 N. Y. 460. The supreme court of Ohio has taken the same view. *Ex parte* Shaw, 7 Ohio St. 81; *Ex parte* Van Hagan, 25 Ohio St. 426. The Massachusetts supreme court holds a similar doctrine. Sennott's Case, 136 Mass. 489, 16 N. E. 448. In the latter case the court says: "The better rule seems to be that, where a court has jurisdiction of the person and of the offense, the imposition, by mistake, of a sentence in excess of what the law permits, is

within the jurisdiction and does not render the sentence void, but only voidable by proceedings upon a writ of error." The supreme court of Wisconsin, in the cases of *In re* Graham and *In re* McDonald, 74 Wis. 450, 43 N. W. 148, clearly announces the same doctrine. In those cases the sentence was in one case for 13 years and in the other for 14 years, while the law under which the convictions were had limited the punishment to 10 years. The defendants applied for writs of *habeas corpus,* upon the ground that "the sentences were for a term in excess of the period fixed by. statute," and therefore void. The court, in its decision, says: "We deny the writs for the reason that the error in the judgments does not render them void, or the imprisonment under them illegal, in that sense which entitles them to be discharged on a writ of *habeas corpus.* The judgments are doubtless erroneous, and would be reversed on a writ of error. * * * * But the judgments are not void. Graham made a second application for the writ, which was again denied; and the case was brought before the supreme court of the United States upon writ of error, and the decision in the latter court affirmed. The case is reported as *In re* Graham, 138 U. S. 461, 11 Sup. Ct. 363. In its decision the supreme court of the United States, speaking through Mr. Justice FIELD, says: "That the prisoner should not have been sentenced for any time in excess of the ten years is very evident. When the ten years have expired it is probable the court will order the prisoner's discharge, but until then he has no right to ask the annulment of the entire judgment. Such being the ruling of the state court, and there being nothing in it repugnant to any principle of natural justice, we think that the reason given for the refusal of the writ of *habeas corpus* in the court below at the present time is a sound one." The same doctrine is held by the supreme court of Iowa (Elsner v. Shrigley, 80 Iowa 30, 45 N. W. 393) and the supreme court of South Carolina (*Ex parte* Bond, 9 S. C. 80.)

The counsel for the petitioner have cited quite a number of decisions made by courts whose opinions are entitled to great con-

sideration, holding that such a judgment is entirely void, and that the party is entitled, in such case, to his discharge from custody. In the cases of *Ex parte* Page, 49 Mo. 291, and *Ex parte* Cox (Idaho) 32 Pac. 197, the supreme court of Missouri and the supreme court of Idaho held, squarely, that such a judgment is void. We are inclined to the opinion that the case cited from California, of *Ex parte* Kelly, 65 Cal. 154, and other late cases in that state, fairly support the contention of counsel; and we are inclined to include that state with Missouri and Idaho, as holding the doctrine that such a judgment as we are assuming exists in this case would be void, and the defendant entitled to his discharge. Indiana may also be included as holding a similar doctrine, though by a divided court. Miller v. Snyder, 6 Ind. 7. Mr. BLACK, in his work on Judgments (section 258), takes a similar view of such a judgment. But his work was evidently written before the later decisions in Massachusetts and Wisconsin, and the decisions of the supreme court of the United States, that we shall subsequently refer to. And we think that if that learned law writer was to revise his work, in view of these later decisions, he would arrive at a different conclusion. In the light, therefore, of these later decisions, we are unable to give to his conclusions the considerations that they otherwise might be entitled to. And counsel for the petitioner insists that this court has decided this question *In re* Lackey, 62 N. W. 134. But it will be noticed, by the statement of facts in the opinion in that case, that Lackey had served out the legal part of his sentence, and this court held that, such being the case, he was entitled to his discharge, as the latter part of the sentence was void. If the petitioner in the case at bar had served his two years, for which he could have been, as it seems to be conceded, legally sentenced, this court, under the rule laid down in the Lackney case, if it should be of opinion that two years was the extent to which he could be sentenced, might discharge him. But that is not the case now before us.

We have omitted a number of cases cited by counsel for petitioner, for the reason that, in our view, they involve entirely dif-

ferent questions from the one now before us, or support the contention of counsel for the state. As, for example, *Ex parte* Lange, 18 Wall. 176, is confidently relied upon as supporting the contention of the petitioner. But that case, even without the aid of subsequent decisions of the supreme court of the United States, to which we shall refer, seems to us to clearly sustain the view that we take of this judgment. In that case a circuit court of the United States had rendered a judgment, and sentenced a defendant to pay a fine and to imprisonment, when the law only authorized the court to impose a fine or imprisonment. The defendant paid the fine, and subsequently that court set aside the judgment it had rendered, and sentenced the defendant to imprisonment. The defendant, being taken into custody upon the latter judgment, applied to the supreme court of the United States for a writ of *habeas corpus*. The supreme court held that the first judgment was not void, and, the defendant having paid the fine imposed, the circuit court had no power to render the second judgment, and that the second judgment was void. That court, speaking of the first judgment, on page 174, says: The judgment first rendered, though erroneous, was not absolutely void. It was rendered by a court which had jurisdiction of the party and of the offense, on a valid verdict. The error of the court in imposing the two punishments mentioned in the statute, when it had only the alternative of one of them, did not make the judgment wholly void." It will be seen that the supreme court held the first judgment valid so far as it imposed a fine, and, that fine having been paid, the circuit court had no power to set aside the judgment so satisfied and render a second judgment, and that, consequently, the second judgment was absolutely void. The circuit court had no jurisdiction or power to render the second judgment. Its attempt, therefore, to render a second judgment, was an idle and futile act, without any validity for any purpose. Not only is this decision important in holding that the first judgment of the circuit court, which imposed a sentence of fine and imprisonment, when it was only authorized to impose a sentence of a fine or imprisonment, was not void, but

for the reason that the court, in the opinion, clearly announces the principle that where a judgment includes that which a court has a right to include, and something more, the excess only is void. The court, in commenting upon the case of Bigelow v. Forrest, 9 Wall. 339, says: "But why could it not? Not because it wanted jurisdiction of the property or of the offense, or to render a judgment of confiscation, but because, in the very act of rendering a judgment of confiscation, it condemned more than it had authority to condemn. In other words, in a case where it had full jurisdiction to render one kind of a judgment, operative upon the same property, it rendered one which included that which it had a right to render, and something more, and this excess was held simply void. The case before us is stronger than that, for, unless our reason has been entirely at fault, the court, in the present case, could render no second judgment against the prisoner. Its authority was ended. All further exercise of it in that direction was forbidden by the common law, by the constitution, and by the dearest principles of personal rights, which both of them are supposed to maintain." We have considered the case of *Ex parte* Lange at considerable length, for the reason that that case is often cited to sustain the opposite theory.

The counsel for petitioner also cite *Ex parte* Rowland, 104 U. S. 604; *In re* Mills, 135 U. S. 263, 10 Sup. Ct. 762; *Ex parte* Nielsen, 131 U. S. 176, 9 Sup. Ct. 672; *In re* Coy, 127 U. S. 731, 8 Sup. Ct. 1263; *Ex parte* Seibold, 100 U. S. 371; *In re* Snow, 120 U. S. 274, 7 Sup. Ct. 556; *Ex parte* Wilson, 114 U. S. 417, 5 Sup. Ct. 935. But, in our view, these cases do not support the contention of counsel. In several of these cases the judgments were held void upon various grounds, and the defendants discharged, but none of them involved the question we are now considering. We do not deem it necessary to further discuss them. The cases of *In re* Petty, 22 Kan. 477, and *In re* Dill, 32 Kan. 668, 5 Pac. 39, cited by counsel, do not seem to us to support their contention. The headnote in the first case is as follows: "Where the court has jurisdiction of the person of the prisoner, and of the offense

with which he is charged, and the verdict is valid, and the judgment pronounced is not void, but merely irregular, held, such prisoner cannot be relieved under a petition for *habeas corpus*." This certainly does not indicate that the court held the doctrine contended for. We also fail to find anything in the second case to support counsel's contention. Though there is this conflict in the decisions of the state courts we have shown exists upon this question, the supreme court of the United States, in two late cases, clearly hold the doctrine that a sentence of a court having jurisdiction of the offense and of the person of the defendant is legal so far as it is within the provisions of the law, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portions of the sentence. *In re* Bonner, 14 Sup. Ct. 323, decided in January, 1894, the supreme court of the United States, speaking through Mr. Justice FIELD, says, "If the court is authorized to impose imprisonment, and it exceeds the time prescribed by law, the judgment is void for the excess." Further on in the opinion that learned judge says: "A question of some difficulty arises, which has been disposed of in different ways, and that is as to the validity of a judgment which exceeds in its extent the duration of time prescribed by law. With many courts and judges,—perhaps, with the majority,—such judgment is considered valid to the extent to which the law allowed it to be entered, and only void for the excess. Following out this argument, it is further claimed that therefore the writ of *habeas corpus* cannot be invoked for the relief of a party until the time has expired to which the judgment should have been limited."

Subsequently, in April of that year, the question was squarely decided, by a unanimous court, in U. S. v. Pridgeon, 14 Sup. Ct. 746. In that case the court, speaking through Mr. Justice JACKSON, says: "Without undertaking to review the authorities in this and other courts, we think the principle is established that, where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but

only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence. Many well considered authorities, in England as well as in this country, hold that, where there is justisdiction of the person and of the offense, the excess in the sentence of the court beyond the provisions of law is only voidable in proceeding upon a writ of error. *Ex parte* Lange, 18 Wall. 163; Sennott's Case, 146 Mass. 489, 16 N. E. 448; People v. Kelly, 97 N. Y. 212; People v. Liscomb, 60 N. Y. 559; People v. Jacobs, 66 N. Y. 8; *Ex parte* Shaw, 7 Ohio St. 81; *Ex parte* Van Hagan, 25 Ohio St. 426; *In re* Graham, 74 Wis. 450, 43 N. W. 148; Elsner v. Shrigley, 80 Iowa, 30, 45 N. W. 393; *Ex parte* Max, 44 Cal. 579. Under a writ of *habeas corpus* the inquiry is addressed, not to errors, but to the question whether the proceedings, and the judgment rendered therein, are, for any reason, nullities; and, unless it is affirmatively shown that the judgment or sentence under which the petitioner is confined is void, he is not entitled to his discharge. It may often occur that the sentence imposed may be valid in part and void in part, but the void portion of the judgment or sentence should not necessarily, or generally vitiate the valid portion. By section 761, Rev. St., "the court or justice or judge shall proceed in a summary way to determine the facts of the case [in *habeas corpus*] by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require.' There is no law or justice in giving to the prisoner relief under *habeas corpus* that is equivalent to an acquittal, when, upon writ of error, he could have secured relief from that portion of the sentence which was void. In the present case the five-years term of imprisonment, to which Pridgeon was sentenced, cannot properly be held void because of the additional imposition of 'hard labor' during his confinement. Thus, *In re* Swan, 150 U. S. 637, 14 Sup. Ct. 225, it is stated that

'even if it is not within the power of the court to require payment of costs, and its judgment, to that extent, exceeded its authority, yet he cannot be discharged on. *habeas corpus* until he has performed so much of the judgment, or served out so much of the sentence, as it was within the power of the court to impose.' , We have not deemed it necessary to review, or attempt to reconcile, the authorities on the question, for the reason that while all concede that neither irregularities nor error, so far as they were within the jurisdiction of the court, can be inquired into upon a writ of *habeas corpus*, because a writ of *habeas corpus* cannot be made to perform the functions of a writ of error, in relation to proceedings of a court within its jurisdiction, they differ widely as to what constitutes error, and what should be regarded as rendering the judgment or proceedings void."

In the case at bar, we see no difficulty in separating the sentence for two years, for which it is conceded the petitioner might have been sentenced, from the three years, assumed by us and claimed by counsel to be in excess of the time the petitioner could have been sentenced. Neither the supreme court of Wisconsin nor the supreme court of the United States seem to have discovered any difficulty in so separating the valid from the invalid portions of the sentence in Graham's Case. The decision *in re* Pridgeon, read in connection with *in re* Graham, *supra*, fully interprets the meaning of that court in the use of the expression, "when such excess is separable, and may be dealt with without disturbing the valid portions of the sentence." Ten years, says the court, in effect, *In re* Graham, is easily separable from the three years,— the void excess in the judgment. "When the ten years have expired," says the court, "probably the court will order the prisoner's discharge, but until then he has no right to the annulment of the entire judgment." So we say here, when two years shall have expired, no other proceedings having been taken in the meantime to correct the judgment, if, upon examination, it should prove to be erroneous as to the term imposed, the petitioner would be in a position to ask for his discharge, But he is now held under legal process from a court of competent jurisdiction.

It was urged by the counsel for the petitioner that the statutes in the states of Wisconsin and New York materially influenced those courts in holding such judgments only erroneous, and not void. But we fail to see how the statute affects the question of what constitutes a void judgment. The learned counsel for the petitioner also seem to attach much importance to the clause in our *habeas corpus* act which provides that a defendant "can be dis‑ charged only for some one of the following causes: (1) Where the court has exceeded the limit of its jurisdiction either as to the matter, place, sum or person. * * *" And they strenuously contend that when the court, in this case, sentenced the petitioner to the penitentiary for the period of five years, when, as they con‑ tend, his sentence should not have exceeded two, the court exceeded the limit of its jurisdiction. Now, what is jurisdiction? BOUVIER defines it as "the authority by which judicial officers take cogniz‑ ance of and decide cases; power to hear and determine a cause." "Jurisdiction of the cause is the power over the subject matter given by the law of the sovereignty in which the tribunal exists." When and how does the court exceed the limit of its jurisdiction? As a court of general jurisdiction, the circuit court had jurisdiction over the offense charged in the indictment, and over the person of the petitioner. The court has not exceeded the limit of that juris‑ diction. It may be, as claimed, that it has committed an error in sentencing the petitioner to a term longer than the law permits. The excess beyond the limit of the law would constitute error, and render the excess void. But, to our minds, there is no excess of jurisdiction. As an illustration of what constitutes excess of jur‑ isdiction take the Tweed Case, 60 N. Y. 559. The court sentenced the defendant to the limit of the law, upon the first count in the indictment. In imposing the second sentence upon the second count, it exceeded its jurisdiction because it had heard and de‑ cided the case and pronounced judgment,—all the judgment it was authorized to pronounce. When, therefore, the court assumed to add a second judgment and sentence, it exceeded the limit of its jurisdiction. In other words, the court had no power to make the

second or additional judgment. When it rendered the judgment and all the judgment the law authorized, its power was exhausted; and its attempt to add a second judgment or sentence was an attempt to do an act without, or in excess of the limit of, its jurisdiction. *Ex parte* Lange, *supra*, also illustrates what is meant by the term "exceeding the limit of its jurisdiction," as applied to a court. In that case the circuit court had rendered one judgment which had been satisfied and the court then attempted to set that aside and render a second judgment, and the supreme court of the United States says that it had no jurisdiction to render the judgment. "The power was exhausted. Its further exercise was prohibited. It was error, but it was error because the power to render any further judgment did not exist." 18 Wall. 176. But when the circuit court, in the case at bar, was rendering judgment, it was doing precisely what it was authorized to do by virtue of its jurisdiction over the offense charged, and of the petitioner; and it rendered a judgment, in its nature such as it was authorized to render, namely, a judgment of imprisonment in the state's prison of this state. Assuming that in rendering that judgment it should have designated the term two years, instead of five, the court committed an error, but it never exceeded the limit of its jurisdiction. It simply imposed a sentence in excess of what the law permits, while properly exercising its jurisdiction. Upon this question, we may be justified in again quoting the language of the supreme court of Massachusetts in Sennott's Case, *supra*: "The better rule seems to be that, where a court has jurisdiction of the person and of the offense, the imposition, by mistake, of a sentence in excess of what the law permits, is within the jurisdiction, and does not render the sentence void." We conclude, therefor, that the court in this case did not exceed the limit of its jurisdiction, but simply, if the term fixed is in excess of that authorized by law, committed an error in the exercise of its jurisdiction. These conclusions necessarily require us to remand the petitioner to the custody of the sheriff of Hughes county, and it is so ordered.

It is due to the learned counsel, both on the part of the petitioner and the state, to say that their exhaustive researches and

able presentation of the questions have greatly aided the court in the investigation of the question involved, and in arriving at a conclusion.

FULLER, J., concurring.

KELLAM, J. (concurring). I concur in this decision only in deference to what appears to be the weight of authority. This decision, and others which it follows, under constitutions and statutes like our own, seem to me to rest upon made ground, improvised by the courts, upon which to plausibly rest a ruling designed to prevent a failure of justice, and upon the ordinarily dangerous doctrine that the end justifies the means. *Habeas corpus* lies where a court whose act is the subject of inquiry "has exceeded the limit of its jurisdiction, either as to the matter, place, sum, or person." Section 7841, Comp. Laws. The circuit court, although a court of general jurisdiction, gets its power to sentence in any case from the statute, and the same statute which gives the power also limits it. Its power to sentence is its jurisdiction to sentence, and I am unable to comprehend why a court which assumes to sentence for 20 years, in a case where its authority is limited to a sentence for 10 years, does not exceed "the limit of its jurisdiction" in that respect. The cases all concede that if a court imprison where it only has authority to fine, or fine where it only has authority to imprison, such judgment is not merely erroneous, but is absolutely void, because in excess of its jurisdiction; thus distinctly making the very judgment which the court rendered in a case in which it confessedly had jurisdiction of the person and the offense a controlling test of whether it kept within its jurisdiction or not, and teaching the doctrine that in determining whether a court had exceeded its jurisdiction the judgment which it renders is to be considered, as well as the other elements of person and offense, and that a court may have ample jurisdiction to try a defendant for the offense charged against him, but that it may exceed its jurisdiction in rendering a judgment which it had no legal power to render. But that the trial court has exceeded the limit

of its jurisdiction is precisely the condition named in our statute for relief by *habeas corpus*. But the cases which this decision follows hold that if the statute expressly limits the power of the court to sentence to 5 years, but the court courageously imposes a sentence of 20 years, there is no excess of jurisdiction, but only an error in its interpretation of the law. It is held that a sentence which sends a defendant to jail for a year, when he ought to have gone to the penitentiary for the same time, is void for excess of jurisdiction, because the court had no authority to pass such a sentence, but a sentence for 20 years, when the only authority of the court is to sentence for 5 years, is not jurisdictionally excessive, because the court had authority to sentence for 5 years, and for so much it is good. But the difficulty is that the court made no sentence for 5 years. It deliberately declined to exercise the authority which it did have, and assumed an authority and power which it did not have. The question is not whether it might have made a judgment within its jurisdiction, but whether it has done so; not whether a judgment which it did not make would have been good, but whether the judgment which it did make was one it had authority to make. This court, upon this inquiry, has nothing to do with a judgment which was not made, but should look at the judgment which was made, and compare it with the statutory authority of the trial court to make it; and if it had no power to make the only judgment which it did make, or attempt to make, it seems to me, personally, that it has exceeded its jurisdiction. A court commits an error when it does something which it has the legal power to do, but ought not to do. It exceeds its jurisdiction when it does something which is beyond its legal power to do. To me the distinction seems as plain in principle as it is momentous in fact.

How does it help the matter to say that the court which pronounced the sentence is one of general jurisdiction? It surely is not general in the sense that its jurisdiction is broader than the law itself, or that the exercise of its power—its authority—may not be limited and circumscribed by law. The legislature has the

same power to regulate the punishment which it may inflict for certain offenses as though it were a court of limited jurisdiction. If the statute made but one offense punishable by imprisonment, and fixed the term at 20 years, I think it would be accepted that a court, even of general jurisdiction, which sentenced a defendant to 30 years, would exceed the limit of his jurisdiction. It seems to me that in such case "jurisdiction" means more than control of the person of the defendant, and authority to try the question at issue; and includes also power in the court to render the judgment which it does render. If it does not, then the court, having acquired jurisdiction of the person, may sentence a defendant to be hung for larceny committed within its jurisdiction, and there would be no relief by *habeas corpus*, for the answer would be— apparently as adequate in that case as in this—that the court did not exceed its jurisdiction, for it had jurisdiction of the person and of the offense, and only committed an error in imposing a wrong sentence. And so the court or judge who happened to hear the *habeas corpus* would, in its mind, substitute a judgment which the trial court had authority to and ought to have rendered for the judgment which it did in fact render, and which stands upon the record as the sole, entire, and only judgment in the case; that is, a court or judge who had no authority to try the case, or render judgment of any kind in it, would, in order to prevent a failure of justice, substitute in its imagination a legal judgment for an illegal one, and so hold the defendant under his counterfeited judgment, so improvised for the occasion. It may not be absurd to say that one solid sentence for a definite term is separable, and that this court, on *habeas corpus*, will pick out of it as many years as the court was authorized to sentence for, and say that as to so much the court has not exceeded its jurisdiction; but no court ought to be compelled to resort to such a subterfuge to accomplish by judicial legislation what ought to be done by the legislature.

A man has power, under the statute, to make a verbal lease for one year. He makes one for two years, and asks the court to

apply the same rule it applies here, and help him to enforce it for a year; but the court wisely shakes its judicial head, and says: "You have attempted to do something which you had no authority to do, and your act is all void." By statute the power of a judge to render an *ex parte* order, staying proceedings, is limited to 20 days. He makes such an order for 50 days, and the courts do not hold it good for the 20 days for which he might legally have made it, but hold it void in *toto.* "The judge has transcended his jurisdiction," is the language of the court. I can see a basis of reason for holding that where a judgment or sentence consists of two or more separable and distinct elements or parts, as fine and imprisonment, only one of which the court had power to impose, the illegal or unauthorized part may be exscinded, and leave the legal part operative; for, as said by EARL, J., in People v. Baker, 89 N. Y. 467, the legal part "is a separate portion of the sentence, complete in itself, and the balance of the sentence can be held void, and disregarded." This application is made to, and the writ issued by this court which, under the constitution, has a general superintending control over the circuit court and its judgments. It is not in the nature of a collateral attack. This court is competent, and it is the proper tribunal, to say whether the judgment rendered by the circuit court was one within its jurisdiction to render.

My confidence in the logical and legal correctness of the views I have expressed is greatly strengthened by the deliberate declaration of the United States supreme court as to what the law is, in the Graham Case, 138 U. S. 461, 11 Sup. Ct. 363, referred to in Judge CORSON's opinion. It says, "It is undoubtedly the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or extent of the punishment inflicted renders the judgment absolutely void." It is true, discharge was refused in that case, but it was denied upon the distinct ground "that under the law of Wisconsin [from which state the case came] a judgment in a criminal case which merely exceeds in the time of punishment prescribed by the sentence that which

is authorized by law is not absolutely void, but only erroneous, and that the error must be corrected on appeal, and cannot be corrected by a writ of *habeas corpus.* \* \* \* When the highest court of a state holds that a judgment of one of its inferior courts imposing punishment in a criminal case is valid and binding to the extent to which the law of the state authorized the punishment, and only void for the excess, we cannot treat it as wholly void, there being no principle of federal law invaded in such ruling." What the court would have done if it had not felt controlled by the decision of the Wisconsin court, I do not undertake to say, but it would seem to me that its formal declaration of what the "general rule" is, as quoted above, in which it is said that a sentence exceeding "in extent" the punishment allowed by law is "absolutely void," would afford substantial ground for an inference.

A number of the highest state courts in the Union have also distinctly avowed the same views, and, probably recognizing their force, the legislatures of a number of states have provided by statute that no person can be discharged on *habeas corpus* until the time has expired for which he could legally have been detained. I think there should be such a statute here, and the courts left to their constitutional function of declaring what the law is, rather than what they think it ought to be. In other words, if further affirmative provisions of law are needed to prevent a failure of justice, or to accomplish any other desirable ends, the legislature, and not the courts, should supply them. While I do not in this case and shall not in any case hesitate to declare my own views upon any question before this court, I do now, as I have sometimes before, vote to follow the weight of adjudicated cases, rather than my own judgment, less fully supported by authorites,